**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

DEC 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES G. KINNEY, | No. 16-56750 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-07440-DMG |
| v. | |
| PHILIP GUTIERREZ, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted December 18, 2017**

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Charles G. Kinney appeals pro se from the district court's order dismissing his action seeking a declaratory judgment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal on the basis of judicial immunity. *Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999). We affirm.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Kinney's request for oral argument, set forth in the opening brief, is denied.

The district court properly dismissed Kinney's claims against Judge Gutierrez on the basis of judicial immunity. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (describing factors relevant to whether an act is judicial in nature and subject to judicial immunity). Contrary to Kinney's contention, Judge Gutierrez was not acting in a ministerial or administrative capacity when he issued the remand orders.

The district court did not abuse its discretion by dismissing the complaint without leave to amend because amendment would be futile. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We reject as unsupported by the record Kinney's contention that the district judge was biased.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-56750